Rev. 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| JEFFREY A. BORMAN, SR | CASE NO. 1-bk-19-02198 HWV |
| | ☐ ORIGINAL PLAN |
| | [1st] AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.) |
| | [0] Number of Motions to Avoid Liens |
| | [0] Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ✓ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ✓ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $2,600.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $38,350.00, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 11/2019 | 5/2024 | $650.00 | $0.00 | $650.00 | $35,750.00 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $35,750.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        (✓) Debtor is over median income. Debtor estimates that a minimum of $19,856.11 must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. **Additional Plan Funding From Liquidation of Assets/Other**

   1. The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

[✓] No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

[ ] Certain assets will be liquidated as follows:

   2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20__. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

   3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   [✓] None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   [ ] Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☐ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

4

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.* Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

Rev. 12/01/18

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. <u>**Surrender of Collateral**</u>. *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Ford Motor Credit Company LLC | 2017 Ford Explorer in possession of ex-wife in full satisfaction of the Debt owed. |
| Santander Consumer USA Inc. | 2017 Ford Explorer in full satisfaction of the Debt owed. |
|  |  |

G. <u>**Lien Avoidance**</u>. *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

    a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    ☐ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | Per allowed proof of claim ($8,327.66 est.) |
| Pennsylvania Department of Revenue | Per allowed proof of claim ($531.00 est.) |
| | |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

9

Rev. 12/01/18

## 4. UNSECURED CLAIMS

A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

Case 1:19-bk-02198-HWV   Doc 22   Filed 10/14/19   Entered 10/14/19 13:50:35   Desc
Main Document      Page 10 of 17

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☐ plan confirmation.
   ☐ entry of discharge.
   ☑ closing of case.

7. **DISCHARGE: (Check one)**

   (☑) The debtor will seek a discharge pursuant to § 1328(a).
   (  ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

### 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 10/14/2019

s/Chad J. Julius
Attorney for Debtor

s/JEFFREY A. BORMAN, SR
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: JEFFREY BORMAN : CASE NO.: 1:19-bk-01623-HWV
:
**Debtors** :
: **CHAPTER 13 PLAN**

Notice is hereby given that **JEFFREY BORMAN** (collectively the "Debtor") has filed a **First Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **December 4, 2019 at 9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Ronald Reagan Federal Building, Bankruptcy Courtroom, Third Floor, Third and Walnut Streets, Harrisburg, PA 17101.

**November 27, 2019** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **November 27, 2019**. The objecting party shall appear at the hearing. Unless objections are timely filed and the objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, Jacobson, Julius & Harshberger, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **November 27, 2019.**

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the Third Floor of the Federal Building, Third and Walnut Street, Harrisburg, Pennsylvania.

CLERK
UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
THE RONALD REAGAN FEDERAL BUILDING
228 WALNUT STREET, ROOM 320
Date: October 14, 2019 HARRISBURG, PA 17108

1

## CERTIFICATE OF SERVICE

I, Colleen Reed, with Jacobson, Julius & Harshberger, do hereby certify that on this day I served the within *Notice to Parties in Interest and First Amended Chapter 13 Plan* upon the following persons via the ECF/CM system and/or by depositing a true and correct copy of the same in the United States Mail, first class, postage prepaid:

<u>ECF/CM:</u>
Charles J. Dehart III, Esquire (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

U.S. Trustee
228 Walnut Street,
P.O. Box 969
Harrisburg, PA 17101-0969

<u>First –Class Mail</u>
All creditors on the mailing matrix (attached)


DATED: October 14, 2019                         s/Colleen Reed
                                                Colleen Reed, Paralegal

2

Case 1:19-bk-02198-HWV    Doc 22    Filed 10/14/19    Entered 10/14/19 13:50:35    Desc
Main Document    Page 14 of 17

```
Label Matrix for local noticing          Ally Financial                          Barclays Bank Delaware
0314-1                                   Attn: Bankruptcy Dept                   Attn: Correspondence
Case 1:19-bk-02198-HWV                   Po Box 380901                           Po Box 8801
Middle District of Pennsylvania          Bloomington, MN 55438-0901              Wilmington, DE 19899-8801
Harrisburg
Mon Oct 14 12:36:35 EDT 2019

Berks Credit & Collections               Jeffrey A Borman Sr                     Brandy L. Borman
Po Box 383                               86 S. Main, APT 12                      93 North Alpine Drive
Temple, PA 19560-0383                    Spring Grove, PA 17362-1043             York, PA 17408-6351


(p)CITIBANK                              Capital One                             Capital One Auto Finance
PO BOX 790034                            Attn: Bankruptcy                        Attn: Bankruptcy
ST LOUIS MO 63179-0034                   Po Box 30285                            Po Box 30285
                                         Salt Lake City, UT 84130-0285           Salt Lake City, UT 84130-0285


Capital One Bank (USA), N.A.             Citi/Sears                              Citibank North America
by American InfoSource as agent          Citibank/Centralized Bankruptcy         Attn: Recovery/Centralized Bankruptcy
PO Box 71083                             Po Box 790034                           Po Box 790034
Charlotte, NC 28272-1083                 St Louis, MO 63179-0034                 St Louis, MO 63179-0034


Citibank North America                   Citibank, N.A.                          Citibank/Sears
Citibank Corp/Centralized Bankruptcy     701 East 60th Street North              Attn: Bankruptcy
Po Box 790034                            Sioux Falls, SD 57104-0493              Po Box 6275
St Louis, MO 63179-0034                                                          Sioux Falls, SD 57117-6275


Citibank/The Home Depot                  Comenity Bank/Lane Bryant               Comenity Bank/Torrid
Attn: Recovery/Centralized Bankruptcy    Attn: Bankruptcy                        Attn: Bankruptcy
Po Box 790034                            Po Box 182125                           Po Box 182125
St Louis, MO 63179-0034                  Columbus, OH 43218-2125                 Columbus, OH 43218-2125


Comenity Bank/Victoria Secret            Comenity Bkl/Ulta                       (p)CONTINENTAL FINANCE COMPANY LLC
Attn: Bankruptcy                         Attn: Bankruptcy Dept                   PO BOX 8099
Po Box 182125                            Po Box 182125                           NEWARK DE 19714-8099
Columbus, OH 43218-2125                  Columbus, OH 43218-2125


Credit One Bank                          Charles J DeHart, III (Trustee)         Discover Bank
Attn: Bankruptcy Department              8125 Adams Drive, Suite A               Discover Products Inc
Po Box 98873                             Hummelstown, PA 17036-8625              PO Box 3025
Las Vegas, NV 89193-8873                                                         New Albany, OH 43054-3025


(p)DISCOVER FINANCIAL SERVICES LLC       (p)FORD MOTOR CREDIT COMPANY            Freedom Mortgage Corporation
PO BOX 3025                              P O BOX 62180                           Attn: Bankruptcy
NEW ALBANY OH 43054-3025                 COLORADO SPRINGS CO 80962-2180          Po Box 50428
                                                                                 Indianapolis, IN 46250-0401


Mario John Hanyon                        (p)INTERNAL REVENUE SERVICE             Chad J. Julius
Phelan Hallinan & Schmieg                CENTRALIZED INSOLVENCY OPERATIONS       Jacobson & Julius
1617 JFK BLVD                            PO BOX 7346                             8150 Derry Street, Suite A
Suite 1400                               PHILADELPHIA PA 19101-7346              Harrisburg, PA 17111-5212
Philadelphia, PA 19103-1814
```

Kohls/Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lincoln Automotive Financial Service
Attn: Bankruptcy
Po Box 542000
Omaha, NE 68154-8000

NTB/CBSD
Citi Corp Credit Services Centralized Ba
Po Box 20507
Kansas City, MO 64195-0507

OneMain Financial
Attn: Bankruptcy
601 Nw 2nd Street
Evansville, IN 47708-1013

Onemain
PO Box 3251
Evansville, IN 47731-3251

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pennsylvania Department of Revenue
Bankruptcy Division PO Box 280946
Harrisburg, Pa. 17128-0946

Pennsylvania Department of Revenue
Bureau of Business Trust Find Taxes
Po Box 280901
Harrisburg, PA 17128-0901

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

PrimeLending
Attn: Bankruptcy
780 Lynnhaven Pkwy, Ste 375
Virginia Beach, VA 23452-7332

Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161-0244

Santander Consumer USA Inc.
PO Box 560284
Dallas, TX 75356-0284

Saxon Mortgage Service
No Longer in Business
All Loans Transferred)
Fort Worth, TX 76161

State Collection Service
Attn: Bankruptcy
Po Box 6250
Madison, WI 53716-0250

Syncb/Toys R Us
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Syncb/hhgreg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

SyncbWolf Furniture
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Synchrony Bank/ JC Penneys
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

Synchrony Bank/ Old Navy
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Care Credit
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Walmart
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101-1722

York Adams Tax Claim Bureau
1405 N. Duke Street
York, PA 17404-2125

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| CBNA/Home Depot | Continental Finance Company | Discover Financial |
| --- | --- | --- |
| Citi Cards Private Label Bankruptcy | Attn: Bankruptcy | Attn: Bankruptcy Department |
| Po Box 20483 | Po Box 8099 | Po Box 15316 |
| Kansas City, MO 64195 | Newark, DE 19714 | Wilmington, DE 19850 |
| Ford Motor Credit | (d)Ford Motor Credit Company LLC | Internal Revenue Service |
| National Bankruptcy Service Ccenter | Dept. 55953 | 228 Walnut Street |
| Po Box 62180 | PO Box 55000 | Harrisburg, PA 17101 |
| Colorado Springs, CO 80962 | Detroit, MI. 48255-0953 | |
| Portfolio Recovery Associates, LLC | | |
| POB 12914 | | |
| Norfolk VA 23541 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)FREEDOM MORTGAGE CORPORATION | (d)Synchrony Bank | End of Label Matrix | |
| --- | --- | --- | --- |
| | c/o PRA Receivables Management, LLC | Mailable recipients | 56 |
| | PO Box 41021 | Bypassed recipients | 2 |
| | Norfolk, VA 23541-1021 | Total | 58 |